THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
NATHAN RUBENSTEIN, PLAINTIFF IN ERROR.

Submitted January term, 1927—Decided March 18, 1927.

**Crimes—Stealing—Picking Pockets—Charge to Jury Regarding
Defendant Taking Stand Questioned by Plaintiff, but Sustained by the Court.**

On error.

Before Justices PARKER, BLACK and CAMPBELL.

For the plaintiff in error, *George E. Cutley.*

For the defendant in error, *John Milton,* prosecutor of the pleas.

PER CURIAM.

The defendant, a pickpocket, was convicted of an attempt to steal a wallet from the pocket of Adrian Vidol.

Seven assignments of error and six specifications of causes for reversal of the judgment were filed. But the plaintiff in error, in the brief, states that he relies on No. 3 for a reversal. No others are argued in the brief. No. 3 is alleged error in the charge of the trial judge to the jury. The point relied on is: "The law of our state in regard to defendants taking the stand is that a party in a case is competent but not compellable to be a witness in his own behalf, but his failure to do so raises no presumption of his guilt. Where, however, there is direct evidence to connect the accused with the crime, and by his own testimony he could have established an *alibi* or denied the allegations, his failure to do so may be considered by the jury as an *inference* against him." The pertinent part of this charge is identical with the charge approved by this court in the case of *State* v. *Schilling,* 95 N. J. L. 154. The situation where you have a right; "to

draw *inferences* against him." So, to the same effect is *State* v. *Parker,* 61 *Id.* 314. These cases are cited, on this point, with approval, in the case of *State* v. *Kisik,* 99 *Id.* 387, by the Court of Errors and Appeals. In that case, it was said, the doctrine of the Parker case has come to be the settled law in this state. There the words "a strong inference" are used by Chief Justice Magie.

Finding no error in the record the judgment of the Court of Quarter Sessions of Hudson county is affirmed.